## BEN E. NEW V. THE STATE.

No. 18693.   Delivered December 23, 1936.
Rehearing Denied April 28, 1937.

The opinion states the case.

*Baskett & Parks,* of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for conversion by bailee; punishment, five years in the penitentiary.

The record is here without statement of facts or bills of exceptions. The indictment contains three counts, conviction being upon the third, which charged that appellant was in possession of a certain stock certificate for fifty shares of a named corporation, which had been bailed to him by Mrs. Brumbelow, it being further alleged that twenty-six shares of the stock evidenced by said certificate belonged to appellant and twenty-four shares of the same was the property of Mrs. Brumbelow, "which said certificate was by its owner, the said Mrs. J. B. Brumbelow, endorsed and placed in the possession of and bailed to Ben E. New, he agreeing to return to her, Mrs. Brumbelow, a certificate of stock issued by said corporation for twenty-four shares of said stock of the value of $45.00 per share," etc.

We find no brief on file, and in an oral argument appellant attacks the sufficience of the indictment. We are not able to conclude the indictment fundamentally erroneous. If we understand same, the indictment charges that Mrs. Brumbelow was the owner of the stock certificate in question, and even though it be further alleged that certain shares of the stock evidenced by said certificate belonged to appellant, this creates no such situation as would make the indictment bad. It was alleged in the indictment also that this stock certificate was bailed to appellant by its owner for certain specified purposes, and that he fraudulently and without her consent converted to his own use the whole of said certificate, and also the said twenty-four shares of the value of one thousand dollars.

We recognize that it was no easy task to properly draw an indictment under the facts of this case, but are of opinion that a felony is sufficiently charged, to-wit: the fraudulent appropriation of property of the value of more than fifty dollars, which appellant held by virtue of a contract of bailment with the owner of said property. Some argument was advanced as to the impossibility of alleging fraudulent appropriation or bailment of partnership property, but for aught we know there was written in the stock certificate mentioned a sufficient statement to show that twenty-four shares of the stock evidenced by the certificate belonged to Mrs. Brumbelow, and that twenty-six shares of the stock so evidenced belonged to this appellant. This would not appear to us to bring the case within the rules of partnership. Nor are we able to agree with

appellant that the charge of the court was fundamentally erroneous.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant presents some rather interesting questions in his motion for rehearing regarding the instructions of the court, claiming that fundamental error appears therein. We find ourselv es unable to appraise the matter in the absence of the facts.

The motion for rehearing is overruled.

*Overruled.*